NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KOYO NEVADA BROWN, SR., *Appellant.*

No. 1 CA-CR 14-0552
FILED 12-10-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-416485-001
The Honorable Roland J. Steinle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Patricia K. Norris joined.

**G O U L D**, Judge:

¶1      Koyo Nevada Brown, Sr. ("Defendant") appeals from his convictions and sentences for one count of molestation of a child and one count of sexual conduct with a minor. Defendant's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), advising this Court that after a search of the entire appellate record, no arguable ground exists for reversal. Defendant was granted leave to file a supplemental brief *in propria persona*, and did not do so.

¶2      Our obligation in this appeal is to review "the entire record for reversible error." *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033(A)(1) (West 2015).[1] Finding no reversible error, we affirm.

### Facts and Procedural History[2]

¶3      The Defendant, the victim's great uncle, was staying at the same house as the victim along with several relatives. At the time of the subject incident, the victim was 7 years old. Because Defendant and his

---

[1]      Unless otherwise specified, we cite to the current version of the applicable statutes because no revisions material to this decision have occurred.

[2]      We view the evidence in the light most favorable to sustaining the convictions and resulting sentences. *See State v. Guerra*, 161 Ariz. 289, 293 (1989).

wife were staying at the house, the victim and her 3-year-old sister were moved from their bedroom onto a pull-out couch in the living room.

¶4        One night, the victim had a stomach ache. She told her aunt, and her aunt gave her some medicine, but her stomach was still upset. Defendant woke up during the night and saw that the victim was not feeling well so he went to the store and bought her a soda. Throughout the night, Defendant continued to check on the victim.

¶5        During the night, while he was checking on the victim, Defendant placed his hand under her clothing and touched her vagina. He then inserted his finger inside her vagina. The victim told him to stop because it hurt; Defendant told her to "go back to sleep."

¶6        Later that same night the victim tried to tell her aunt what had happened. However, she was asleep and the victim couldn't wake her, so she told her uncle. The uncle immediately confronted Defendant who denied it. In the morning, the victim told her aunt that Defendant had touched her, and the aunt immediately called the police and forced Defendant to leave the house.

¶7        Once the police arrived, the victim was taken to a child crisis center where she was interviewed and examined. The physical examination revealed redness and irritation on the victim's hymen consistent with her account that Defendant had inserted his finger in her vagina. Defendant later admitted to the police he touched the victim's vagina and that he inserted his finger in her vagina.

¶8        Defendant was charged with one count of molestation of a child, a class two felony; and one count of sexual conduct with a minor, a class two felony. Both crimes were dangerous crimes against children. Defendant went to trial and was convicted of both counts. He was sentenced to the presumptive term of 17 years' imprisonment for molestation of a child and to a consecutive life sentence, to begin upon completion of the first sentence, for sexual conduct with a minor. Defendant timely appealed.

## Discussion

**¶9** We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the finding of guilt. Defendant was present and represented by counsel at all critical stages of the proceedings. At sentencing, Defendant and his counsel were given an opportunity to speak and the court imposed a legal sentence.

## Motions for New Counsel

**¶10** Defendant filed two motions for new counsel. Both motions were denied by the trial court.

**¶11** A trial court has broad discretion in considering a motion for new counsel, and although a defendant has a Sixth Amendment right to representation by competent counsel, the court is not required to ensure that a defendant has counsel of his choice or a meaningful relationship with his attorney. *State v. Moody*, 192 Ariz. 505, 507, ¶ 11 (1998); *see* U.S. Const. amend. VI; *see also* Ariz. Const. art. 2, § 24; A.R.S. § 13–114(2). To protect a defendant's right to counsel a court must inquire on the record as to the basis of a defendant's request for new counsel. *State v. Torres*, 208 Ariz. 340, 343, ¶ 7 (2004). A defendant's allegations in support of a motion for new counsel "must go beyond personality conflicts or disagreements with counsel over trial strategy; a defendant must allege facts sufficient to support a belief that an irreconcilable conflict exists warranting the appointment of new counsel in order to avoid the clear prospect of an unfair trial." *State v. Cromwell*, 211 Ariz. 181, 186–87, ¶ 30 (2005).

**¶12** Here, Defendant generally alleged that defense counsel was not diligently preparing his defense, and he wanted an attorney "with a bit more passion." In response, defense counsel listed his efforts to prepare Defendant's case, and his willingness to remain as Defendant's attorney. The trial court held a hearing on each of Defendant's motions, and provided Defendant with an opportunity to be heard, and stated its reasons for denying the motions. We find no error.

**Conclusion**

**¶13** Counsel's obligations pertaining to Defendant's representation in this appeal have ended. Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an *in propria persona* motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama