NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BENNY GENARO TREJO, *Appellant.*

No. 1 CA-CR 14-0097

FILED 4-28-2015

Appeal from the Superior Court in Maricopa County
No.  CR2012-150337-001
The Honorable Cynthia J. Bailey, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Donn Kessler joined.

---

**J O H N S E N**, Judge:

**¶1**        Benny Genaro Trejo appeals his conviction of discharge of a firearm at a residential structure and the resulting sentence. For the following reasons, we affirm the conviction and sentence as modified.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        After Trejo fired a shotgun at a trailer that was occupied as a residence, the State charged him with discharge of a firearm at a residential structure, a Class 2 felony.[1] The court found Trejo indigent and appointed him a lawyer.

**¶3**        A year later, at a pretrial management conference a few weeks before trial, Trejo told the superior court he had "no confidence" in his appointed lawyer and said his family was going to try to retain counsel for him. Construing Trejo's statements as a request for a different appointed lawyer, the court held Trejo had not offered "anything that would meet the legal criteria" requiring a change of appointed counsel and denied his request. The following day, Trejo executed a written motion to change counsel, which, for the most part, repeated the concerns and arguments he had made at the management conference.

**¶4**        Two weeks later, on the day trial was to begin, Trejo moved to proceed *in propria persona*. At the time of the hearing on the motion, two days later, Trejo presented the court with a waiver-of-counsel form. After reviewing the form, the court permitted Trejo to represent himself and appointed his attorney as advisory counsel. Without any objection from Trejo, the court then set a "firm trial date" for four days later.

---

[1]        Upon review, we view the facts in the light most favorable to sustaining the jury's verdict and resolve all inferences against Trejo. *State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

**¶5**          On the day trial was to begin, Trejo told the court he was not ready to proceed and requested a 60-day continuance. The court denied the motion. Trejo renewed his motion two days later, and the court again denied it. At that point, Trejo withdrew his self-representation request and the court re-appointed his advisory counsel to represent him through trial.

**¶6**          After a seven-day trial, the jury found Trejo guilty as charged, and the court sentenced him to 13 years' incarceration. Trejo timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, -4033 (2015).[2]

## DISCUSSION

### A.     Denial of Request to Change Counsel.

**¶7**          Trejo argues the superior court's denial of his request to change counsel violated his Sixth Amendment right to be represented by competent counsel. We review the denial for a clear abuse of discretion. *State v. Paris-Sheldon*, 214 Ariz. 500, 504, ¶ 8 (App. 2007).

**¶8**          A criminal defendant has a Sixth Amendment right to be represented by competent counsel. *State v. Moody*, 192 Ariz. 505, 507, ¶ 11 (1998). "A defendant is not, however, entitled to counsel of choice, or to a meaningful relationship with his or her attorney." *Id.* Generally, a defendant must show "a complete breakdown in communication or an irreconcilable conflict between [the] defendant and his appointed counsel." *See State v. Torres*, 208 Ariz. 340, 342, ¶ 6 (2004). "To satisfy this burden, the defendant must present evidence of a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible." *State v. Hernandez*, 232 Ariz. 313, 318, ¶ 15 (2013) (quotation omitted).

**¶9**          The superior court did not abuse its discretion in denying Trejo's motion. In asking for a new appointed lawyer, Trejo told the court that he had "no confidence in [his attorney] whatsoever." But "[a] single allegation of lost confidence in counsel does not require the appointment of new counsel." *State v. Cromwell*, 211 Ariz. 181, 186, ¶ 29 (2005). Trejo also complained that his attorney had not shown him any discovery. He did not explain, however, what kinds of evidence in particular his lawyer had not

---

[2]          Absent material revision after the date of an alleged offense, we cite a statute's current version.

shared with him, and did not tell the court when he had asked to see the evidence or why he needed to see it. Trejo told the court that his attorney had not "filed any motions." But she had filed several motions, including a successful motion to sever the firearms charge from other charges. Trejo also complained that his attorney had not "seen [him] in a month." Given, however, that his attorney had represented several times that she was prepared for trial, the court could conclude she had sufficient contact and communication with her client. *See Paris-Sheldon*, 214 Ariz. at 507, ¶ 19 (no irreconcilable conflict where, among other things, "[the defendant's] attorney avowed he was prepared for trial and expressed no animosity toward his client or unwillingness to proceed as her attorney"); *see also Hernandez*, 232 Ariz. at 318, ¶ 15. Finally, in his subsequent written motion for new counsel, Trejo asserted that his lawyer had disregarded his "wishes and opinions concerning case direction," but he offered no specifics.[3]

¶10        Trejo alternatively argues that a lesser conflict existed, which should have tipped the scale in favor of appointing new counsel. "Something less than irreconcilable conflict becomes merely 'one factor for a [trial] court to consider' in determining whether to appoint new counsel." *Hernandez*, 232 Ariz. at 321, ¶ 34 (alteration in original) (quoting *Cromwell*, 211 Ariz. at 186, ¶ 29). The court also should consider: (1) whether new counsel would be confronted with the same conflict; (2) the timing of the request; (3) the inconvenience to witnesses; (4) the time period already elapsed between the alleged offense and trial; (5) the proclivity of the defendant to change counsel; and (6) the quality of counsel. *See id*. In weighing these factors, the court must "balance the rights and interests of the defendant against the public interest in judicial economy, efficiency, and fairness." *Cromwell*, 211 Ariz. at 187, ¶ 31; *see also Hernandez*, 232 Ariz. at 321, ¶ 34.

¶11        Although the superior court did not explicitly refer to the foregoing factors, it was not required to, *see Hernandez*, 232 Ariz. at 321, ¶ 35, and the record supports its conclusion that the factors weighed in favor

---

3        Trejo argues that the fact that he was willing to represent himself "further evidences the amount of the breakdown in communications between Trejo and his attorney." In the absence of more information, however, the superior court did not abuse its discretion in concluding Trejo had failed to demonstrate an irreconcilable conflict.

of denying Trejo's request.[4]  Accordingly, we conclude the court did not abuse its discretion in denying his request for different counsel.

**B.      Right to Self-Representation and Denial of Motion to Continue.**

**¶12**          Trejo also argues that the court made his self-representation impossible by denying his motion to continue after he elected to represent himself.  *See Faretta v. California,* 422 U.S. 806, 819 (1975); *State v. De Nistor*, 143 Ariz. 407, 412 (1985).  He tries to fit his case within the framework of *State v. Lamar*, 205 Ariz. 431, 436-37, ¶ 27 (2003), which reasoned that "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the defendant's constitutional right to self-representation."  By contrast to the facts in *Lamar*, however, nothing in our record reveals that Trejo requested a continuance in conjunction with his request to proceed *in propria persona*.  *See id.* at 438, ¶ 33.  Nothing in the record demonstrates that, at the hearing at which the court granted Trejo's self-representation request, Trejo objected to the court's affirming the "firm trial date" or otherwise indicated he needed more time to prepare for trial.  According to our record, he did not ask for a continuance until four days later, on the day trial was to begin.  Thus, Trejo's decision to proceed *in propria persona* was not made contingent upon the grant of a continuance.

**¶13**          More broadly, Trejo has not demonstrated that, under the circumstances, the superior court abused its discretion or acted arbitrarily in denying his request for a continuance.  He argues he required a

---

[4]      Nearly all of the factors weigh in favor of denying the change-of-counsel request.  For example, (1) Trejo stated he had "no confidence in [the] state attorneys whatsoever."  This conflict would persist regardless of who the court appointed.  (2) Trejo did not complain about his attorney until just a few weeks before trial, more than ten months into the representation, which might suggest his request was motivated by something other than an "irreconcilable conflict."  (3) Because Trejo's request came close to trial, a change of counsel could have disrupted the trial schedule and inconvenienced witnesses.  (4) More than a year had passed since the alleged offense, *see* Arizona Rule of Criminal Procedure 8.2(a)(1) (generally a defendant in custody should be tried within 150 days of arraignment), and "[t]he trial had already been postponed numerous times."  *State v. LaGrand*, 152 Ariz. 483, 487 (1987).  (5) This factor weighs in favor of granting the request because Trejo had not requested a prior change of counsel.  (6) Trejo had a quality attorney who, among other things, had filed pretrial motions and eventually convinced the court to impose a mitigated sentence.

continuance because he had not seen the evidence but does not specify what trial tactics he would have been able to employ had he been familiar with the evidence and does not otherwise contend he was prejudiced by the court's denial of his request. *See State v. Forde*, 233 Ariz. 543, 555, ¶ 18 (2014) ("We review a trial court's denial of a motion to continue for an abuse of discretion, which we will find only if the defendant demonstrates prejudice.") (citations omitted). For these reasons, the superior court did not abuse its discretion or violate his right to self-representation when it denied his motion to continue.

## C.    Sentencing Issue.

**¶14**        According to the transcript of the sentencing hearing, the superior court sentenced Trejo to a mitigated term of incarceration as a repetitive offender. The sentencing order, however, reflects that he was sentenced to an aggravated term as a dangerous (non-repetitive) offender. The State agrees with Trejo's contention on appeal that the oral pronouncement was correct and controls. *See State v. Ovante*, 231 Ariz. 180, 188, ¶ 38 (2013). Accordingly, we correct the sentencing order to reflect that Trejo was sentenced as a category-three repetitive offender under A.R.S. § 13-703 (2015), not a dangerous offender under A.R.S. § 13-704 (2015). *See id.*

## CONCLUSION

**¶15**        For the foregoing reasons, we affirm Trejo's conviction but modify the sentencing order to reflect that Trejo was sentenced to a mitigated term as a repetitive offender, not a dangerous offender.



Ruth A. Willingham · Clerk of the Court
FILED: ama