SUPREME COURT OF ARIZONA
En Banc

|  |  |  |
|---|---|---|
| STATE OF ARIZONA, | ) | Arizona Supreme Court |
|  | ) | No.  CR-03-0326-PR |
|  | ) |  |
|  | ) | Court of Appeals |
| Appellee, | ) | Division One |
|  | ) | Nos. 1 CA-CR 02-0278 |
| v. | ) |      1 CA-CR 02-0279 |
|  | ) |      (Consolidated) |
| VICTOR TORRES, | ) |  |
|  | ) | Maricopa County |
| Appellant. | ) | Superior Court |
|  | ) | Nos. CR 1992-010210 |
|  | ) |      CR 2001-005372 |
|  | ) |  |
|  | ) | **O P I N I O N** |

Appeal from Maricopa County Superior Court
Nos. CR 1992-010210, CR 2001-005372
The Honorable Stephen A. Gerst, Judge
The Honorable Jeffrey A. Hotham, Judge

**REMANDED**

Court of Appeals, Division One
206 Ariz. 52, 75 P.3d 142 (App. 2003)

**VACATED IN PART**
_____

TERRY GODDARD, Arizona Attorney General                    Phoenix
     By:  Randall M. Howe, Chief Counsel
          Criminal Appeals Section
     and  Karla Hotis Delord, Assistant Attorney General
Attorneys for Appellee

SUSAN SHERWIN, Office of the Legal Advocate                 Phoenix
     By:  Tennie B. Martin, Deputy Legal Advocate
Attorneys for Appellant
_____

**R Y A N**, Justice

¶1      The question this case presents is whether a trial court's failure to conduct an inquiry into an indigent defendant's request to change appointed counsel mandates an automatic reversal of the defendant's conviction. We conclude that it does not. Instead, we hold that the matter must be remanded for a hearing on the defendant's request.

## I.

¶2      The State charged Victor Torres with several felonies. Because Torres was indigent, the trial court appointed the Maricopa County Public Defender's Office to represent him. Two months before Torres' original trial date, he filed a written motion *in propria persona* asking for a change in his appointed counsel. Torres claimed that he could no longer speak with his lawyer about the case, he did not trust him, he felt threatened and intimidated by him, there was no confidentiality between them, and his counsel was no longer behaving in a professional manner. The trial judge denied the motion, stating that he did not have the authority to appoint new counsel, but suggested that Torres contact the Public Defender's Office. Subsequently, Torres went to trial with his appointed counsel and was convicted. At sentencing before another judge, Torres renewed his request for new counsel, which the judge granted.

¶3      On appeal, Torres argued that the trial court's failure to consider his motion to substitute counsel violated

his constitutional right to adequate representation under the Sixth Amendment. *State v. Torres*, 206 Ariz. 52, 53, ¶ 2, 75 P.3d 142, 143 (App. 2003). Because the trial judge had not conducted an inquiry into Torres' claims, the court of appeals concluded it could not decide if an irreconcilable conflict existed between Torres and his counsel. *Id*. at 56, ¶ 15, 75 P.3d at 146. Nevertheless, the court held that the trial judge's "summary denial" of Torres' motion "violated his Sixth Amendment right to counsel because it *may* have subjected him to 'representation by a lawyer with whom he had a completely fractured relationship.'" *Id*. at 57, ¶ 17, 75 P.3d at 147 (quoting *State v. Moody*, 192 Ariz. 505, 509, ¶ 23, 968 P.2d 578, 582 (1998)) (emphasis added). Concluding that the "[f]ailure to hold a hearing on an allegation of a fundamental constitutional violation is reversible error," *id*., the court of appeals reversed Torres' convictions and ordered a new trial, *id*. at 58, ¶ 22, 75 P.3d at 148.

¶4      The State petitioned for review, arguing that a trial court's failure to inquire into a defendant's request for appointment of new counsel should not require automatic reversal. We granted review because of the statewide importance of the issue. We have jurisdiction under Article 6, Section 5(3), of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 13-4031 and -4032(3) (2001).

¶5      In analyzing the question presented by this case, we must address two core issues.  First, we must decide whether a trial judge has a duty to inquire when a defendant requests substitution of counsel.  If so, we must define the scope of that duty in light of the nature of a defendant's request.  Second, if the trial judge does not conduct an inquiry, we must determine the appropriate remedy.

**A.**

¶6      The Sixth Amendment guarantees criminal defendants the right to representation by counsel.  U.S. Const. amend. VI; *see also* Ariz. Const. art. 2, § 24.  The Supreme Court extended that right to indigent defendants charged with felonies in state courts.  *Gideon v. Wainwright*, 372 U.S. 335, 344-45 (1963).  And, not only does an indigent criminal defendant have the right to counsel, but he also has the right to competent counsel. *State v. LaGrand*, 152 Ariz. 483, 486, 733 P.2d 1066, 1069 (1987) (citing *State v. DeLuna*, 110 Ariz. 497, 500, 520 P.2d 1121, 1124 (1974)).  Nevertheless, an indigent defendant is not "entitled to counsel of choice, or to a meaningful relationship with his or her attorney."  *Moody*, 192 Ariz. at 507, ¶ 11, 968 P.2d at 580 (citing *State v. Bible*, 175 Ariz. 549, 591, 858 P.2d 1152, 1194 (1993)).  But when there is a complete breakdown in communication or an irreconcilable conflict between a defendant

and his appointed counsel, that defendant's Sixth Amendment right to counsel has been violated. *See id.* Accordingly, this court has held that if a defendant is forced to go to trial with counsel with whom he has an irreconcilable conflict or a complete breakdown in communication, a resulting conviction must be reversed. *See id.* at 509, ¶ 23, 968 P.2d at 582 (holding that a trial court's erroneous denial of a request to change counsel deprives a defendant of his Sixth Amendment right to counsel, which "infect[s] the entire trial process," requiring automatic reversal (quoting *Bland v. Cal. Dep't of Corr.*, 20 F.3d 1469, 1478 (9th Cir. 1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1024-25 (9th Cir. 2000))).

¶7        Therefore, as the court of appeals correctly concluded in this matter, to protect a defendant's Sixth Amendment right to counsel, a trial judge has the duty to inquire as to the basis of a defendant's request for substitution of counsel. *Torres*, 206 Ariz. at 57, ¶ 18, 75 P.3d at 147; *e.g.*, *Smith v. Lockhart*, 923 F.2d 1314, 1320 (8th Cir. 1991) (finding that "[w]hen a defendant raises a seemingly substantial complaint about counsel, the judge 'has an obligation to inquire thoroughly into the factual basis of defendant's dissatisfaction'" (quoting *United States v. Hart*, 557 F.2d 162, 163 (8th Cir. 1977) (per curiam))); *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002) ("If a defendant makes

sufficiently specific, factually based allegations in support of his request for new counsel, the . . . court must conduct a hearing into his complaint."). It is not sufficient to advise the defendant to contact the Public Defender's Office, as the trial court did in this case. Instead, the court must make an inquiry on the record. *See, e.g.*, *United States v. Morrison*, 946 F.2d 484, 499 (7th Cir. 1991) (finding that the court must make some inquiry into the reasons for the defendant's dissatisfaction with his lawyer).

¶8 The nature of the inquiry will depend upon the nature of the defendant's request. For example, generalized complaints about differences in strategy may not require a formal hearing or an evidentiary proceeding. *See State v. Henry*, 189 Ariz. 542, 547, 944 P.2d 57, 62 (1997) (finding that a disagreement over tactical decisions that may raise concerns about an attorney's competence is more properly analyzed in a post-conviction relief proceeding); *State v. Tejeda*, 677 N.W.2d 744, 751 (Iowa 2004) (stating that courts are not required to "conduct a hearing every time a dissatisfied defendant lodges a complaint about his attorney"). However, "[i]f a defendant makes sufficiently specific, factually based allegations in support of his request for new counsel, the . . . court must conduct a hearing into his complaint." *Lott*, 310 F.3d at 1249. At such a hearing, the defendant bears the burden of

demonstrating that he has a genuine irreconcilable conflict with his counsel or that there has been a total breakdown in communications. *Id*. (stating that "to prove a total breakdown in communication, a defendant must put forth evidence . . . that he had such minimal contact with the attorney that meaningful communication was not possible"). If a defendant establishes a total breakdown in communication, or an irreconcilable conflict with his attorney, then the trial judge must grant the request for new counsel. *Henry*, 189 Ariz. at 547, 944 P.2d at 62.

¶9        In this case, Torres presented specific factual allegations that raised a colorable claim that he had an irreconcilable conflict with his appointed counsel. In light of Torres' allegations, the trial judge abused his discretion by not conducting an inquiry into Torres' request for substitution of counsel. *See United States v. Morris,* 714 F.2d 669, 673 (7th Cir. 1983) ("In order to exercise its discretion properly the court must elicit from the defendant the reasons for his objection to counsel . . . ."). Accordingly, we must decide the appropriate remedy when a trial judge does not conduct an inquiry into a defendant's colorable claim of an irreconcilable conflict with his counsel.

**B.**

¶10       The court of appeals in this case held that the failure to conduct an inquiry into a colorable claim for

- 7 -

substitution of counsel requires automatic reversal. *Torres*, 206 Ariz. at 57, ¶ 17, 75 P.3d at 147. In effect, this holding classifies a trial court's failure to conduct such an inquiry as structural error. Two factors lead us to a contrary conclusion. First, very few errors have been found to be of such magnitude that they constitute structural errors. Second, a trial court's error in not conducting an inquiry often can be remedied without having to reverse the conviction in the first instance.

¶11 The United States Supreme Court has defined "structural error" as error that affects "the framework within which the trial proceeds, rather than simply an error in the trial process itself." *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991). The Court has limited structural errors to the following: the complete denial of counsel; a biased trial judge; the unlawful exclusion of members of defendant's race from the jury; the denial of self-representation at trial; the denial of a public trial; and a defective reasonable doubt instruction. *Neder v. United States*, 527 U.S. 1, 8 (1999); *Fulminante*, 499 U.S. at 309-10. Thus, the Court finds structural errors in a "very limited class of cases." *Neder*, 527 U.S. at 8 (quoting *Johnson v. United States,* 520 U.S. 461, 468 (1997)).

¶12 As mentioned previously, we have held that forcing a defendant to go to trial with counsel with whom he has a

completely fractured relationship constitutes a deprivation of the right to counsel, which is structural error. *Moody*, 192 Ariz. at 509, ¶ 23, 968 P.2d at 582. But it does not necessarily follow that a superior court's failure to conduct an inquiry into a request for change of counsel violates the defendant's Sixth Amendment right to counsel. The court of appeals here implicitly conceded as much when it speculated that the trial court's error "*may* have subjected [Torres] to 'representation by a lawyer with whom he had a completely fractured relationship.'" *Torres*, 206 Ariz. at 57, ¶ 17, 75 P.3d at 147 (quoting *Moody*, 192 Ariz. at 509, ¶ 23, 968 P.2d at 582) (emphasis added). The mere possibility that the defendant had a fractured relationship with counsel does not amount to structural error. Rather, most courts apply a harmless error analysis to a trial court's erroneous summary denial of a request to change counsel. *See Lott*, 310 F.3d at 1250-52; *Morrison*, 946 F.2d at 499; *McKee v. Harris*, 649 F.2d 927, 933-34 (2d Cir. 1981). We agree with those courts and hold that a trial judge's summary denial of a defendant's motion to change counsel is not structural error requiring automatic reversal.

¶13 Instead, we conclude that the appropriate remedy for a trial court's error in this situation is to remand for a hearing on the defendant's allegations. *See, e.g.*, *Lott*, 310 F.3d at 1250 (remanding the case to the district court to conduct a

hearing regarding the defendant's allegation of total breakdown in communication); *People v. Olivencia*, 251 Cal. Rptr. 880, 885-86 (Ct. App. 1988) (holding that the appropriate remedy for a trial court's refusal to consider an indigent defendant's request for new counsel is to remand for a hearing); *City of Billings v. Smith*, 932 P.2d 1058, 1063 (Mont. 1997) (same); *State v. Vessey*, 967 P.2d 960, 964 (Utah Ct. App. 1998) (same). If on remand the trial judge rules that the defendant was not entitled to a change in counsel, that decision can then be reviewed on appeal. *See, e.g.*, *People v. Maese*, 214 Cal. Rptr. 365 (Ct. App. 1985) (reviewing case on appeal after remand for hearing on defendant's request for new counsel).

¶14     Having decided that the appropriate remedy for the trial court's failure to conduct an inquiry into Torres' request is to remand for a hearing, we now turn to the factors and procedures that the trial court should apply on remand.

**II.**

¶15     A trial judge confronted with an indigent defendant's request to change counsel should consider the following factors:

> [W]hether an irreconcilable conflict exists between counsel and the accused, and whether new counsel would be confronted with the same conflict; the timing of the motion; inconvenience to witnesses; the time period already elapsed between the alleged offense and trial; the proclivity of the defendant to change counsel; and quality of counsel.

*Moody*, 192 Ariz. at 507, ¶ 11, 968 P.2d at 580 (quoting *LaGrand*,

- 10 -

152 Ariz. at 486-87, 733 P.2d at 1069-70).  However, in most cases, the "quality of counsel" factor will not be a consideration when a defendant requests substitution of counsel. In essence, this factor generally relates more to a claim of ineffective assistance of counsel, which we have since concluded must be raised in a Rule 32 proceeding.  *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002) ("[I]neffective assistance of counsel claims are to be brought in Rule 32 proceedings.").

¶16     In applying these factors to Torres' motion on remand, the trial judge should not consider itself limited to the facts as they existed at the time it denied the motion.  Indeed, subsequent events may be relevant to prove or disprove whether an irreconcilable conflict or a total breakdown in communication occurred.  For instance, Torres' motion may have prompted his attorney to address Torres' complaints, thereby resolving the alleged conflict.  *E.g.*, *Bass v. United States*, 580 A.2d 669, 671 (D.C. 1990) ("[We] agree with the government that it would be unreasonable to ignore any relevant preparation that counsel might have conducted in the three months between the date of [defendant's complaint about the ineffectiveness of his counsel] and the beginning of the trial.").  The trial court, therefore, may consider the motion to substitute counsel in light of the facts and circumstances both when the motion was originally made

and also after it was denied.

¶17     We emphasize, however, that the issue at the hearing will *not* be whether Torres received effective assistance of counsel under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), as some jurisdictions require. *See, e.g.*, *United States v. Graham*, 91 F.3d 213, 217, 221-22 (D.C. Cir. 1996) (holding that the defendant must demonstrate not only that the district court abused its discretion in denying a motion for substitution of counsel, but that the defendant was prejudiced by that error under *Strickland*). Ineffective assistance of counsel is a separate issue that can be raised only in a proceeding for post-conviction relief. *Spreitz*, 202 Ariz. at 3, ¶ 9, 39 P.3d at 527; *see also Lott*, 310 F.3d at 1252 (noting that ineffectiveness claims "must almost always be brought on collateral attack"). Applying a *Strickland* standard would, in effect, "eliminate a defendant's ability to bring a right to counsel claim on direct appeal." *Lott*, 310 F.3d at 1252. Moreover, it is possible for a clearly guilty defendant and his counsel to have an irreconcilable conflict. The fact that the defendant would have been convicted absent the conflict does not obviate the Sixth Amendment violation when the trial court errs in denying a motion to substitute counsel. *See Henry*, 189 Ariz. at 547, 944 P.2d at 62 ("Unlike other factors, the presence of a genuine irreconcilable conflict *requires* the

appointment of new counsel.").

¶18    Accordingly, the trial court's inquiry on remand is limited to whether Torres can establish that he had a completely fractured relationship with his appointed counsel either because of an irreconcilable conflict or because of a total breakdown in communications.  *Moody*, 192 Ariz. at 509, ¶ 23, 968 P.2d at 582. If Torres establishes that he had a fractured relationship with his lawyer, the trial court must vacate the convictions and order a new trial.

## III.

¶19    For the foregoing reasons, we vacate that portion of the court of appeals opinion that reversed Torres' conviction. We remand the case to the trial court for further proceedings consistent with this opinion.

_____
                        Michael D. Ryan, Justice


CONCURRING:

_____
Charles E. Jones, Chief Justice

_____
Ruth V. McGregor, Vice Chief Justice

_____
Rebecca White Berch, Justice

_____
Andrew D. Hurwitz, Justice