NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DWAYNE THOMAS HORTON, *Appellant*.

No. 1 CA-CR 18-0042
FILED 12-13-2018

Appeal from the Superior Court in Maricopa County
No. CR2016-006103-001
The Honorable John Christian Rea, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Randall M. Howe joined.

_____

**J O H N S E N**, Judge:

**¶1**        Dwayne Thomas Horton appeals his convictions of several counts of armed robbery, kidnapping and aggravated assault and the resulting sentences.  Horton argues the superior court erred in denying his request for new counsel without a hearing.  For the following reasons, we affirm Horton's convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        After Horton was charged by indictment, the superior court found him indigent and appointed him counsel.  In February 2017, Horton's counsel moved the court to designate the case as complex under Arizona Rule of Criminal Procedure 8.2(a)(3), and the court granted the motion at the initial pretrial conference.[1]

**¶3**        On May 31, Horton filed a written "Motion to Change Counsel."  In the motion, Horton asserted his counsel was providing "ineffective assistance."  Horton stated (1) his lawyer had moved to have the case designated complex over his objection; (2) he had told his lawyer he wanted to assert his right to a speedy trial and did not want any more continuances; (3) by filing the motion, the lawyer had breached an ethical duty to abide by a client's decisions concerning the objectives of the representation; (4) his lawyer was not communicating with him; (5) his lawyer was not talking to him about court proceedings; and (6) despite numerous requests, his lawyer had not allowed him to review discovery.  Horton argued his counsel's actions violated Arizona Rule of the Supreme Court 42, Arizona Rules of Professional Conduct ("ER") 1.2 (scope of representation) and 1.4 (communication).

**¶4**        The superior court addressed Horton's motion at a case management conference in late June, about six weeks before the scheduled

_____

[1]        Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

trial date. The court noted it had reviewed the motion and then asked Horton if he wanted to speak further on the matter. Horton responded:

> Yes. Well, I've requested a change of counsel because we just weren't communicating. In sum and part, that the times that we're communicating, you know, the conversations were kind of vague. So I just wanted a lawyer where I can talk about a good defense . . . on my behalf.

The court then allowed Horton's lawyer to respond. The lawyer stated that, after Horton filed his motion, the lawyer had organized and sent copies of the police reports to Horton and arranged for Horton to view surveillance footage. Further, the lawyer stated that he and Horton "had a number of meetings both in person and on the phone in discussing the case," and that he had "given [Horton] what I believe are the best explanations I can, and I've taken some time to explain what our strategy would be at trial." The lawyer further stated that although Horton had asked him how the defense was going to "attack each witness," he did not yet have a "final plan" for doing so. The prosecutor added that Horton's lawyer was "trying to set up a settlement conference so that we could at the very least have a meaningful discussion about the possibility of resolution."

**¶5**        The superior court then denied Horton's motion. The court stated that Horton's counsel had not performed "below the standards of care" and that nothing else Horton had raised gave reason to appoint new counsel.

**¶6**        Ultimately, after a seven-day trial in November 2017, the jury found Horton guilty of six counts of armed robbery, each a Class 2 felony; six counts of kidnapping, each a Class 2 felony; and six counts of aggravated assault, each a Class 3 felony. The court sentenced him to consecutive and concurrent terms of incarceration amounting to more than 60 years. Horton timely appealed. We have jurisdiction over Horton's appeal pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2018) and 13-4033(A)(1) (2018).

## DISCUSSION

**¶7**        The only argument Horton makes on appeal is that the superior court violated his Sixth Amendment right to counsel when it denied his request for new counsel without conducting a hearing pursuant to *State v. Torres*, 208 Ariz. 340 (2004). We review a superior court's ruling denying a change of counsel for an abuse of discretion. *State v. Hernandez*, 232 Ariz. 313, 318, ¶ 11 (2013).

¶8            "The Sixth Amendment guarantees criminal defendants the right to representation by counsel." *Torres*, 208 Ariz. at 342, ¶ 6. Indigent defendants are not entitled to "counsel of [their] choice, or to a meaningful relationship with [their] attorney." *Id.* But "when there is a complete breakdown in communication or an irreconcilable conflict between a defendant and his appointed counsel, [the] defendant's Sixth Amendment right to counsel has been violated." *Id.* When a defendant asks to change appointed counsel, the court must "inquire as to the basis of a defendant's request." *Id.* at 343, ¶ 7. "The nature of the inquiry will depend upon the nature of defendant's request" for new counsel; "[f]or example, generalized complaints about differences in strategy may not require a formal hearing or an evidentiary proceeding." *Id.* at 343, ¶ 8. "However, '[i]f a defendant makes sufficiently specific, factually based allegations in support of his request for new counsel, the . . . court must conduct a hearing into his complaint.'" *Id.* (quoting *U.S. v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002)). In any event, the defendant must prove "that he has a genuine irreconcilable conflict with his counsel or that there has been a total breakdown in communications." *Torres*, 208 Ariz. at 343, ¶ 8.

¶9            On appeal, Horton does not argue that his counsel was ineffective, but contends the superior court was required to hold a hearing on his contentions that his counsel was not communicating with him and had not allowed him to review discovery in the case.

¶10           In addressing Horton's request, the court stated it had read his motion and then invited him to elaborate, without limiting his presentation in any way. After Horton stated in general fashion that he and his lawyer "just weren't communicating," the court called on the lawyer, who described his recent efforts to apprise Horton of the status of the case and discovery matters. Because Horton had raised only generalized assertions, the superior court's inquiry was sufficient. In the absence of any factual assertions that would support a finding of an irreconcilable conflict or a complete breakdown in communications, the court was not required to conduct a hearing. *Torres*, 208 Ariz. at 343, ¶ 8.

¶11           Horton argues the superior court abused its discretion by not explicitly considering the factors stated in *State v. LaGrand*, 152 Ariz. 483, 486-87 (1987). In that case the defendant moved for a change of counsel a month before trial and complained that his lawyer "had visited him only three or four times," his lawyer was unprepared because the defendant had not told his lawyer everything he needed to know, his lawyer had not given him copies of the motions that had been filed in the case, and his lawyer had told him he was surely going to be convicted. *Id.* at 486. The superior

4

court in that case denied the defendant's motion without further inquiry, and the supreme court affirmed, stating that a request for change of counsel "should be examined with the rights and interest of the defendant in mind tempered by exigencies of judicial economy," including whether an irreconcilable conflict exists, whether new counsel would be confronted by the same conflict, the timing of the motion, inconvenience to witnesses, the length of time since the offense, the proclivity of the defendant to change lawyers and the quality of counsel. *Id.* at 486-87. Examining those factors, the court noted that the trial already had been postponed numerous times, the defendant already had changed lawyers once and "[n]o real conflict" between the defendant and his lawyer was "discernible from the record." *Id.* at 487.

¶12 Nothing in *LaGrand* compelled the superior court here to inquire more deeply into Horton's issues with his counsel. In response to Horton's generalized assertions, his counsel stated that he had shown Horton the evidence Horton had asked to review and that he had done his best to explain trial strategy to Horton and to relate to him what would happen or what had happened during court proceedings. In light of these statements, the court did not abuse its discretion by concluding that even without addressing the other factors identified in *LaGrand*, Horton had not made a colorable assertion of a complete breakdown in communication or an irreconcilable conflict. *See Torres*, 208 Ariz. at 345, ¶ 16; *see State v. Gomez*, 231 Ariz. 219, 225, ¶ 27 (2012).

¶13 Finally, Horton argues that rather than apply the correct legal standard under the caselaw, the superior court instead denied his motion solely because it concluded his lawyer was not ineffective and had not

violated ethical standards.  Contrary to Horton's argument, however, the court addressed the issues of ineffective assistance and ethical standards only because Horton had raised those issues in his motion.

**CONCLUSION**

**¶14**      For the foregoing reasons, we affirm Horton's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA