NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

BRADLEY JUSTIN BOWLING,
*Appellant*.

No. 1 CA-CR 18-0091
FILED 1-10-2019

Appeal from the Superior Court in Maricopa County
No. CR2017-106927-001
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Nicholas Chapman-Hushek
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Rena P. Glitsos
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Randall M. Howe joined.

_____

**J O H N S E N**, Judge:

¶1          Bradley Justin Bowling appeals his disorderly conduct and shoplifting convictions and the resulting sentences, arguing the superior court abused its discretion when it failed to inquire into his purported request for new counsel.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2          Bowling was charged with disorderly conduct, a Class 6 felony, and shoplifting, a Class 1 misdemeanor.  The superior court found Bowling indigent, appointed him a lawyer and set a firm trial date.

¶3          At the beginning of the comprehensive pretrial conference one month before trial, the following exchange occurred:

> [Defense counsel]:  Your Honor, before we address the [scheduled pretrial matters], Mr. Bowling would like to address the Court.
>
> [Bowling]:  [H]ow do I get my lawyer removed from the case?
>
> The Court:  I'm sorry, what?
>
> [Bowling]:  My lawyer removed from the case.
>
> The Court:  Well, you need to file a motion.
>
> [Bowling]:  Yeah, I can't file because my hand is all messed up and [Defense counsel] said I could just ask you and you would remove him, and deal with it.
>
> The Court:  No, I don't deal with oral motions.  You have to file something in writing.
>
> [Bowling]:  I guess you're on board, because I can't write.  I have all those pins in my hand.

[Defense counsel]: Your Honor, I'm not – I'm unable to file a motion to remove myself, so . . .

The Court: No, no, he has to do it.

[Bowling]: So then I guess he's staying on, I'm guessing. Okay.

[Defense counsel]: That's fine. It appears that I'm going to stay on if he's not going to file the motion, right?

[Bowling]: I can't – I don't have nothing to write with. My hand's all messed up.

The Court: I'm not talking about writing it now, sometime in the future –

[Bowling]: I don't get medical treatment in there.

\* \* \*

[Bowling]: He can't write it himself, so he's back on board.

The Court: Okay.

Bowling did not raise the issue with the court again, either in writing or orally.

¶4 After a three-day trial, the jury convicted Bowling of both charges. Before sentencing, Bowling admitted to three prior felony convictions; the superior court then sentenced him to concurrent terms of incarceration, the longest of which was 2.25 years. Bowling timely appealed. We have jurisdiction over Bowling's appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2018) and 13-4033(A)(1) (2018).[1]

## DISCUSSION

¶5 Bowling argues the superior court violated his Sixth Amendment right to counsel when it "failed in its duty to make any inquiry into the reasons for [Bowling's] request" for a change of counsel.

---

[1] Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.

¶6        "The Sixth Amendment guarantees criminal defendants the right to representation by counsel," but does not guarantee indigent defendants "counsel of [their] choice." *State v. Torres*, 208 Ariz. 340, 342, ¶ 6 (2004). Nonetheless, when a defendant asks to change appointed lawyers, the court must "inquire as to the basis of a defendant's request." *Id.* at 343, ¶ 7. We review a superior court's ruling denying a change of counsel for an abuse of discretion. *State v. Hernandez*, 232 Ariz. 313, 318, ¶ 11 (2013).

¶7        Here, the superior court did not abuse its discretion because Bowling did not make clear whether he wanted the court to replace his current appointed counsel with another or wanted the court to allow him to discharge that lawyer and represent himself. The transcript reveals that Bowling's question – "how do I get my lawyer removed from the case?" – and the ensuing discussion only focused on the procedure Bowling would have to follow to end his current counsel's participation in the case. At no point did Bowling unequivocally ask the court to appoint him a different lawyer; nothing he said gave the court any indication that he had an irreconcilable conflict or a complete breakdown in communication with his lawyer. *See Torres*, 208 Ariz. at 342, ¶ 6 (stating grounds for change of counsel under Sixth Amendment). As the State suggests, the court could have construed Bowling's question to suggest that he was merely thinking about whether to ask for a change of counsel.

¶8        If the superior court discerned that Bowling might have been suggesting he wanted to change counsel, the better course would have been for the court to ask Bowling for clarification. Nevertheless, on this record, the court observed, heard and spoke with Bowling, and so was in a better position than we to understand the basis for his request. *See State v. Calderon*, 171 Ariz. 12, 13-14 (App. 1991). Because Bowling did not inform the court of grounds that might have supported a request for change of counsel under the Sixth Amendment, the court did not abuse its discretion by failing to inquire. *See Torres*, 208 Ariz. at 343, ¶ 7 (citing *Smith v. Lockhart*, 923 F.2d 1314, 1320 (8th Cir. 1991) ("When a defendant raises a seemingly substantial complaint about counsel, the judge 'has an obligation to inquire thoroughly into the factual basis of defendant's dissatisfaction.'")).

¶9        Bowling also argues the superior court abused its discretion when it "expressly prohibited him from making his claim unless he did so in writing." We disagree. First, regardless of whether a motion for change of counsel must be made in writing, Bowling did not clearly indicate even orally that he wanted to change his counsel. Second, nothing precluded Bowling from asking someone else to hand-write his motion for him, and Bowling does not argue he could not have done so.

## CONCLUSION

¶10        For the foregoing reasons, we affirm Bowling's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA