NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

ANDREW WILSON HELMAN, *Appellant*.

No. 1 CA-CR 20-0264
FILED 2-18-2021

---

Appeal from the Superior Court in Maricopa County
No. CR 2019-107182-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*
The Honorable Sally Schneider Duncan, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Nicholas Chapman-Hushek
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge David D. Weinzweig joined.

---

**B R O W N**, Judge:

**¶1**        Andrew Wilson Helman appeals his conviction and sentence for possession of dangerous drugs.  He argues the superior court erred by failing to inquire into the basis of his oral request for substitution of counsel as required by *State v. Torres*, 208 Ariz. 340, 343, ¶ 7 (2004).  Finding no error, we affirm.

## BACKGROUND

**¶2**        The State charged Helman with one count of sale or transportation of dangerous drugs, and the superior court appointed counsel to represent Helman.  At the final trial management conference, defense counsel informed the court that Helman desired a change of counsel:

> [Defense Counsel]: [M]y client . . . would like to make a record this morning regarding counsel.  I believe he would like a change of counsel --
>
> [Defendant]: Yes.
>
> [Defense Counsel]: -- and not pro per status.  But I told him he would normally have to file that in writing.  But --
>
> [The Court]: Well, . . . I'm not going to take it up orally. . . .  If you have something to communicate, it needs to be in writing.  And as long as you have a lawyer, your lawyer needs to present it to the Court -- which your lawyer can do.  And . . . you all need to try to work it out.  But I am going to tell you ahead of time:  You have a right to be represented by counsel.
>
> [Defendant]: Uh-huh.
>
> [The Court]: You have a right to have one appointed at no cost if you can't afford one.  You don't get to just pick your lawyer.

[Defendant]: Right.

[The Court]: If your lawyer is telling you things you don't like to hear, that is not a reason to get rid of your lawyer. Okay? Just understand that. Frequently lawyers and clients have to have conversations that are difficult. That is not a basis to fire a lawyer. Okay? So I will look at any reason very closely before I would consider removing your lawyer and changing counsel. I'm just letting you know that. I have to follow the law. And there are legal reasons to end a relationship, and that's the only basis under which I would give it any real consideration. So you just need to know that.

¶3        The discussion then moved to plea negotiations. After Helman rejected the State's plea offer, he stated, "I would like to change my counsel." In response, the superior court stated: "We're not doing that. Let me just review one thing at a time." When the court finished the *Donald* advisement, the court re-affirmed that any motion must be in writing: "I'm not talking to you ever orally about any motion. I made that clear. So don't talk about that again." Substitution of counsel was not mentioned again, and defense counsel continued representing Helman.

¶4        A jury found Helman guilty of a lesser-included offense, possession of dangerous drugs, and the superior court sentenced him to prison for two and a half years. This timely appeal followed.

## DISCUSSION

¶5        Helman argues the superior court erred by refusing to consider his oral request for new counsel, in violation of its duty to inquire into the basis for such a request. We review a denial of a motion to substitute counsel for an abuse of discretion. *State v. Riley*, 248 Ariz. 154, 167, ¶ 7 (2020). A court abuses its discretion when it denies such a motion without inquiring into the "specific factual allegations that raised a colorable claim" of violation of the right to counsel. *Torres*, 208 Ariz. at 343, ¶ 9.

¶6        The Sixth Amendment establishes a right to counsel that has been extended to indigent criminal defendants. U.S. Const. amend. VI; *Gideon v. Wainwright*, 372 U.S. 335, 344–45 (1963); *see also* Ariz. Const. art. 2, § 24. This right is violated when a defendant and his appointed counsel develop a "complete breakdown in communication" or an "irreconcilable conflict." *Torres*, 208 Ariz. at 342, ¶ 6. Thus, a defendant is entitled to competent counsel, but he has no right to "counsel of choice, or to a

meaningful relationship" with his attorney. *Id.* (quoting *State v. Moody*, 192 Ariz. 505, 507, ¶ 11 (1998).

¶7            When a defendant requests substitute counsel, the "trial judge has the duty to inquire as to the basis of a defendant's request" to protect his or her Sixth Amendment right to counsel. *Id.* at 343, ¶ 7. "The nature of the inquiry will depend upon the nature of the defendant's request." *Id.* at ¶ 8. For instance, "generalized complaints . . . may not require a formal hearing or an evidentiary proceeding." *Id.* However, "[i]f a defendant makes sufficiently specific, factually based allegations in support of his request," a hearing would be required to determine whether the defendant can establish a Sixth Amendment violation. *Id.* at ¶ 7 (quoting *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002)).

¶8            The superior court did not deny Helman's request for change of counsel outright, instead stating any such motion would need to be submitted in writing before the court would consider it. At the hearing, Helman twice expressed a desire for substitute counsel, but the court confirmed it would only consider a written motion. Neither Helman nor his attorney objected to that requirement. Defense counsel continued in his role through the trial and sentencing, and the issue was not raised again. On this record, no error occurred.

¶9            The superior court acted within its discretion in requiring that the motion be submitted in writing. *See* Arizona Rule of Criminal Procedure ("Rule") 16.1(b), (c) (requiring all pretrial motions to be filed no later than 20 days before trial); *see also* Rule 1.6 (rules for preparing documents filed with the court); Rule 1.9(a) (motions must include facts, arguments, and authorities). Thus, without a written motion the court did not need to ask about the basis for Helman's oral request for new counsel.

¶10           Helman also abandoned his request. In *State v. McLemore*, a defendant filed a motion to proceed pro se that was not addressed by the court, but in the year before trial, he never requested a ruling, stated an intent to abandon the motion, or objected to his counsel's conduct. 230 Ariz. 571, 574–75, ¶¶ 11–13 (App. 2012). We held the defendant had abandoned his motion, noting his ample "opportunity and ability to ask the court to rule . . . reflect[ed] an intent to abandon." *Id.* at 582, ¶ 36. In determining whether a motion has been abandoned, we consider "the totality of the circumstances," including but not limited to (1) "the defendant's opportunities to remind the court of a pending motion," (2) "defense counsel's awareness of the motion," (3) any "affirmative conduct by the defendant" conflicting with his motion, (4) "whether the defendant waited

until after a conviction to complain about the court's failure to rule on his or her motion," and (5) "the defendant's experience in the criminal justice system." *Id*. at 580, ¶ 29; 582, ¶ 35.

¶11 Here, the superior court told Helman it would consider a written motion, but he failed to file one. Nor did he raise any concerns at the final pretrial hearing or at trial. Absent later complaints about defense counsel, the court had no reason to revisit the issue.

**CONCLUSION**

¶12 We affirm Helman's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED: AA