NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

EDGAR GUTIERREZ,
*Appellant*.

No. 1 CA-CR 21-0218
FILED 2-15-2022

Appeal from the Superior Court in Yuma County
No. S1400CR201900534
The Honorable Roger A. Nelson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Robert J. Trebilcock
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Randall M. Howe joined.

---

**M O R S E**, Judge:

¶1             Edgar Gutierrez appeals the superior court's finding that he violated his probation and the resulting disposition sentencing him to six months in jail.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2             In January 2020, a jury convicted Gutierrez of misdemeanor endangerment.   The superior court placed him on two years of unsupervised probation.

¶3             In January 2021, police arrested Gutierrez and charged him with several felony offenses after he attacked his girlfriend with a pocketknife.  Gutierrez's probation officer then filed a petition to revoke probation, alleging Gutierrez "committed the new offenses while on unsupervised probation, where the only condition is to obey all laws, which [he] failed to do."  In February, the court appointed an attorney to represent Gutierrez in the probation violation proceeding and his new felony case. After two status conferences in the probation proceeding, Gutierrez moved for new counsel.   In the motion, Gutierrez alleged his attorney provided him with "misleading and/or incorrect legal advice" in violation of his right to "equal protection of laws and/or [his] Sixth Amendment right to receive effective legal representation."  While the motion listed the case numbers for the probation violation proceeding and felony case, it was filed only in his felony case.

¶4             In March, the court continued Gutierrez's probation violation hearing twice.   At each continuance, Gutierrez appeared with counsel; however, neither time did he alert the court of his request for new counsel. The court held the probation violation hearing in April.  Gutierrez appeared with counsel, and again, did not inform the court of his request to change attorney.  After hearing testimony from Gutierrez's probation officer and a detective, the court found that Gutierrez violated his probation.

**¶5**          A few weeks later, the court held a disposition hearing. When the court asked Gutierrez if he had anything to say before disposition, he stated, "I feel that I did not receive the adequate representation." The court revoked Gutierrez's probation and sentenced him to six months in jail. At the conclusion of the hearing, counsel informed the court he intended to withdraw from Gutierrez's felony case, stating "I don't think we can communicate at this point." Ultimately, the court granted counsel's motion to withdraw.

**¶6**          Gutierrez timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

**¶7**          On appeal, Gutierrez argues we should vacate the superior court's finding and disposition because it committed structural error when it held the violation and disposition hearings and failed to appoint new counsel after it "learned that the lawyer/client relationship had deteriorated to the point that [Gutierrez] could not communicate with his attorney." We disagree.

**¶8**          Contrary to Gutierrez's assertion, "[t]he mere possibility that the defendant had a fractured relationship with counsel does not amount to structural error. . . . requiring automatic reversal." *State v. Torres*, 208 Ariz. 340, 344, ¶ 12 (2004). Rather, when the superior court summarily denies a defendant's motion to change counsel, "the appropriate remedy . . . is to remand for a hearing on the defendant's allegations." *Id.* at ¶ 13. But the superior court is only required to conduct a hearing if the defendant "present[s] specific factual allegations that raise[] a colorable claim" of irreconcilable conflict or complete breakdown of communication with counsel. *Id.* at 343, ¶ 9; *see also State v. Cromwell*, 211 Ariz. 181, 186, ¶ 29 (2005) ("The presence of an irreconcilable conflict or a completely fractured relationship between counsel and the accused ordinarily requires the appointment of new counsel."). We review the superior court's denial of a motion to change counsel for an abuse of discretion. *Torres*, 208 Ariz. at 343, ¶ 9.

**¶9**          Here, the superior court did not abuse its discretion. Even if we consider the motion filed in his separate felony case, Gutierrez made only conclusory allegations that counsel provided him "misleading and/or incorrect legal advice." Gutierrez failed to allege specific facts to raise either a colorable claim of irreconcilable conflict or a complete breakdown of

communication. "To constitute a colorable claim, a defendant's allegations must go beyond . . . disagreements with counsel over trial strategy; a defendant must allege facts sufficient to support a belief that an irreconcilable conflict exists warranting the appointment of new counsel in order to avoid the clear prospect of an unfair trial." *Cromwell*, 211 Ariz. at 187, ¶ 30; *see also id.* at 186, ¶ 29 ("A single allegation of lost confidence in counsel does not require the appointment of new counsel, and disagreements over defense strategies do not constitute an irreconcilable conflict."). Because Gutierrez did not allege any facts prior to the violation and disposition hearings that could support a claim of irreconcilable conflict or complete breakdown of communication, the superior court did not abuse its discretion.

## CONCLUSION

¶10        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA