NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KRISTI MEGAN WILLIAMS, *Appellant.*

No. 1 CA-CR 22-0388
FILED 8-22-2023

Appeal from the Superior Court in Mohave County
No. S8015CR202101029
The Honorable Douglas Camacho, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Jill L. Evans Attorney at Law, Flagstaff
By Jill L. Evans
*Counsel for Appellant*

_____

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Michael S. Catlett joined.

_____

**C R U Z**, Judge:

**¶1**         Kristi Megan Williams appeals her convictions and sentences for theft of a means of transportation, theft, and false reporting to a law enforcement agency.  For the following reasons, we affirm Williams' convictions and sentences for theft of a means of transportation and false reporting to a law enforcement agency, merge her conviction for theft into her conviction for theft of a means of transportation, and vacate her sentence for theft.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**         On August 23, 2021, J.C. drove to a remote area in Lake Havasu and committed suicide by shooting himself in the head next to his vehicle.  Later that night, J.B. called 9-1-1 and reported discovering a body. Officers found J.C.'s body lying on the ground, but his vehicle and trailer full of construction tools were missing.

**¶3**         Officers interviewed J.B., who told them he and Williams had been driving a Dodge Challenger and gotten "stuck" in the desert. Williams and J.B. had found J.C.'s body and vehicle.  Instead of immediately calling 9-1-1 as J.B. wanted to do, Williams took off alone with J.C.'s vehicle and trailer.  She drove to a friend's home, and after several hours the friend drove her, in another vehicle, back to the scene where officers had discovered J.C.'s body.

**¶4**         Williams contacted officers at the scene and eventually admitted having taken J.C.'s vehicle and trailer after finding his body. Police located J.C.'s vehicle and trailer across the street from the friend's house, and the Dodge Challenger in the desert.  The Dodge Challenger, which was registered to S.O., had been reported as stolen from San Bernardino County earlier on August 23, and when the Mohave County officers ran the vehicle through the National Criminal Information Center ("NCIC") database they found the stolen vehicle notification.

¶5          A grand jury indicted Williams on two counts of theft of a means of transportation, class 3 felonies (counts 1 & 2), one count of theft (value over $4000), a class 3 felony (count 3), and one count of false reporting to a law enforcement agency, a class 1 misdemeanor (count 4).

¶6          At trial, Williams moved for judgment of acquittal on counts 1, 2, and 3 at the close of the State's evidence.  The superior court granted the motion as to count 2 (theft of the Dodge Challenger owned by S.O.).  A jury found Williams guilty of counts 1 and 3 but found that the value of the property for the theft charge was between $1000 and $2000.  The superior court found Williams guilty of count 4.  The court sentenced Williams to eighteen years in prison for count 1, a concurrent sentence of four years in prison for count 3, and time served for count 4.  Williams timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

I.     Testimony About the Dodge Challenger

¶7          Williams first argues the superior court violated her Sixth Amendment right to confront S.O. by allowing testimony that S.O.'s Dodge Challenger had been reported stolen.

¶8          As noted *supra* ¶ 5, Williams was charged with two counts of theft of a means of transportation.  Count 1 pertained to J.C.'s vehicle and count 2 pertained to S.O.'s Dodge Challenger, the vehicle Williams abandoned in the desert before taking J.C.'s vehicle.  Before the superior court acquitted Williams of count 2, Detectives Levine and Peterson both testified about the Dodge Challenger.  The State did not call S.O. as a witness.

¶9          Detective Levine testified that Williams told him S.O. gave her permission to use the Dodge Challenger, but that she did not know S.O.'s last name or have his contact information.  Detective Levine further testified that the Dodge Challenger was registered to "Scott" and had come "back as a stolen vehicle."  Defense counsel did not object to this testimony.

¶10          Detective Peterson testified that he found the Dodge Challenger 300 yards from J.C.'s body and ran "vehicle information" on it.  Detective Peterson further testified that a NCIC stolen vehicle notification "popped up."  When Detective Peterson began reading notes from the NCIC notification, defense counsel objected on hearsay grounds, and the

superior court sustained the objection. The State did not seek to introduce the NCIC report into evidence and it is not part of the record in this case.

¶11 Generally, we review superior court rulings on the admissibility of evidence for abuse of discretion, but we review de novo challenges to admissibility under the Confrontation Clause. *State v. Tucker*, 215 Ariz. 298, 314-15, ¶¶ 58, 61 (2007). Because Williams failed to object to the testimony on Confrontation Clause grounds below, she has the burden of establishing that fundamental, prejudicial error occurred. *State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018); *see also State v. Alvarez*, 213 Ariz. 467, 469, ¶ 7 (App. 2006) ("A 'hearsay' objection does not preserve for appellate review a claim that admission of the evidence violated the Confrontation Clause."). "A defendant establishes fundamental error by showing that (1) the error went to the foundation of the case, (2) the error took from the defendant a right essential to his defense, *or* (3) the error was so egregious that he could not possibly have received a fair trial." *Escalante*, 245 Ariz. at 142, ¶ 21.

¶12 Williams repeatedly refers to "the admission of the stolen vehicle report" in her briefs. But, as noted *supra* ¶ 10, the State did not seek to introduce the NCIC report into evidence, it is not part of the record in this case, and when Detective Peterson attempted to read the NCIC report during his testimony, Williams objected on hearsay grounds and the superior court sustained her objection. The question, then, is whether the detectives' in-court testimony about the stolen vehicle report violated Williams' rights under the Confrontation Clause.

¶13 The Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "Before testimonial statements of an absent witness may be admitted into evidence, the Confrontation Clause requires a showing that the witness is unavailable and that the defendant had a prior opportunity for cross-examination." *State v. Joseph*, 230 Ariz. 296, 299, ¶ 11 (2012).

¶14 The State does not dispute that the complained-of testimony was erroneously admitted in violation of the Confrontation Clause, but instead argues Williams has not shown its admission was prejudicial. We agree. The evidence pertained to the dismissed count and was largely immaterial to the remaining counts. *See State v. Nieto*, 186 Ariz. 449, 455 (App. 1996) (admission of statements in violation of Confrontation Clause was harmless error because statements were largely immaterial and their exclusion would not have affected the jury's verdict); *see also State v. Romero*,

240 Ariz. 503, 509, ¶ 14 (App. 2016) ("In determining whether evidentiary errors are harmless, courts also consider whether the error involved the admission or exclusion of primary evidence."). The admission of the officers' testimony did not rise to the level of fundamental error.

II.     Right to Counsel

**¶15**     Williams next argues the superior court abused its discretion and violated her right to counsel under the Sixth Amendment by failing to hold a hearing pursuant to *State v. Torres*, 208 Ariz. 340 (2004), and by failing to appoint new counsel to remedy an irreconcilable conflict. We review this claim for fundamental error. *See Escalante*, 245 Ariz. at 142, ¶ 21.

**¶16**     In May 2022, several months before trial, Williams sent the superior court a written notification requesting a new attorney because she had not had contact with her appointed attorney. At a hearing later that month, the superior court asked Williams if she was still requesting a new attorney. Williams indicated that she had spoken with her attorney and was "uncertain about what to do." When the court suggested continuing the matter to give her an opportunity to speak with her attorney further, Williams agreed, stating, "Sure, yeah. That sounds great."

**¶17**     In June 2022, at the next hearing on Williams' request for new counsel, Williams told the court, "I don't know what to do. I'm just waiting [to hear from the State about a plea offer]. I don't have problems with [defense counsel]. I don't have issues with anything." The court replied, "So as far as I understand, then, I will take that as the defendant is withdrawing the potential request for a new attorney. And I'll simply expect that you and [defense counsel] will be in contact with each other and hopefully be able to figure out any issues that you need to figure out together." Williams replied, "Okay." Williams later sent the court two additional written communications complaining about defense counsel but did not again request new counsel, and the superior court took no further action on the requests.[1]

---

[1]     The additional written communications were dated July 12, 2022, and July 17, 2022, six days and one day before the first day of trial on July 18, 2022, respectively. In the July 12 communication Williams stated that she had spoken with defense counsel and was "shocked" to find out that defense counsel was not planning to call the witnesses Williams wanted to call because it was too late to do so. Williams alleged counsel told her that

**¶18**         Indigent criminal defendants have a Sixth Amendment right to competent counsel. *Torres*, 208 Ariz. at 342, ¶ 6. A "defendant is not entitled to counsel of choice, or to a meaningful relationship with his or her attorney." *Id.* (citations and internal quotation marks omitted). When a defendant requests new counsel, the superior court "has the duty to inquire as to the basis" of that request. *Id.* at 343, ¶ 7.

**¶19**         Here, the superior court held a hearing on Williams' pretrial request for new counsel. At the hearing, Williams indicated that she did not have a problem with defense counsel's representation and did not have "issues with anything." Williams does not assert that she later renewed her request for new counsel. Instead, she argues the superior court abused its discretion by failing to sua sponte hold another hearing after she sent the court the July 12 and July 17 communications wherein she complained about defense counsel.

**¶20**         We find no abuse of discretion. The superior court was not required to hold a *Torres* hearing after Williams withdrew her request for new counsel and did not thereafter renew the request.

III.     Lesser-Included Offense

**¶21**         Finally, Williams argues the offense of theft of tools charged in count 3 was a lesser-included offense of theft of means of transportation charged in count 1, violating double jeopardy principles. The State concedes, and we agree, that Williams' theft conviction should be merged with her theft of a means of transportation conviction. *See State v. Fillmore*, 187 Ariz. 174, 179-80 (App. 1996) (defendant committed one theft under the "single larceny doctrine" when he stole a tractor, trailer, and the trailer's contents "at the same time and the same place" because "the gist of the offense is the felonious taking of property" and the defendant's taking was one continuous transaction) (citation and internal quotation marks omitted). Accordingly, we merge the two convictions and modify the

---

if she was unhappy about the situation, she could call the State bar. Williams also recounted a conversation with defense counsel about court attire. In the July 17 communication Williams again complained about defense counsel not calling witnesses and told the court that she had a friend bring her clothes to the jail for trial, but that the jail had refused them and defense counsel had failed to tell her she was the only one who could bring clothing to jail.

judgment to reflect a single conviction and sentence for theft of a means of transportation. *See Merlina v. Jejna*, 208 Ariz. 1, 4, ¶ 14 n.4 (App. 2004).

## CONCLUSION

**¶22** For the foregoing reasons, we affirm Williams' convictions and sentences for theft of a means of transportation and false reporting to a law enforcement agency, merge her conviction for theft into her conviction for theft of a means of transportation, and vacate her sentence for theft.



AMY M. WOOD • Clerk of the Court
FILED: AA

7